CHRISTOPHER S. MAILE, ESQ.; STATE BAR NO.: 117998
HEATHER M. McKEON, ESQ.; STATE BAR NO.: 186414

**THARPE & HOWELL, LLP**
**15250 Ventura Boulevard, Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
Email: cmaile@tharpe-howell.com
Email: hmckeon@tharpe-howell.com

Attorneys for Defendant, STATE FARM GENERAL INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| LUSINE SARGAYAN,<br><br>    Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, and DOES 1 to 50, inclusive,<br><br>    Defendants. | Case No.<br>[Los Angeles Superior Court Case No. 22CHCV00481]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & §1441(B) (DIVERSITY)** |

   PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332(a) and § 1441(a) and (b), Defendant STATE FARM GENERAL INSURANCE COMPANY ("Defendant"), contemporaneously with the filing of this notice, is effecting the removal of the below referenced action for the Superior Court of the State of California for the County of Los Angeles, to the United States District Court, Central District of California – Western Division. The removal based, specifically, on the following grounds:

///

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## JURISDICTION AND VENUE ARE PROPER

1.      This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) and (b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(1), 1391(b)(2), and 1446(a).

## PLEADINGS, PROCESS AND ORDERS

3.      On June 30, 2022, Plaintiff LUSINE SARGSYAN ("Plaintiff") commenced the above-entitled action in the Superior Court for the County of Los Angeles by filing a Complaint therein entitled *Lusine Sargsyan v. State Farm General Insurance Company*, Case No. 22CHCV00481. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

4.      On June 30, 2022, the Los Angeles Superior Court issued a Summons on Plaintiff's Complaint. A true and correct copy of this Summons is attached hereto as **Exhibit B**.

5.      On July 25, 2022, the Complaint and Summons (**Exhibits A** and **B** respectively) were personally served on Defendant's registered agent for service of process. The following documents, true and correct copies of which were also served on Defendant are attached hereto as **Exhibit C.**

      a.  Civil Case Cover Sheet

      b.  Civil Case Cover Sheet Addendum and Statement of Location

      c.  Notice of Case Assignment

6.      The attached exhibits constitute all process, pleadings, and orders served upon, filed by, or received by Defendant in this matter.

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# DIVERSITY

## A. Citizenship

7.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(a) and (b), as the action is between citizens of different states.

8.    Plaintiff LUSINE SARGSYAN was, at the time of the filing of this action, and presently remains, domiciled in the State of California and is therefore a citizen of the State of California.

9.    Defendant STATE FARM GENERAL INSURANCE COMPANY is incorporated in the State of Illinois and has its principal place of business in Illinois. Accordingly, Defendant is a citizen of Illinois. 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006).

10.    Therefore, complete diversity of citizenship exists as between Plaintiff LUSINE SARGSYAN and Defendant STATE FARM GENERAL INSURANCE COMPANY.

## B. Fictitious Does

11.    Defendants DOES 1 to 50, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any of said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

### C. **Amount in Controversy**

12.     Plaintiff's Complaint sets forth causes of action for Breach of Contract, Fraud, and General Negligence arising from the handling and denial of a water loss claim suffered at Plaintiff's residential property in California. Plaintiff's claim was made under her homeowners' insurance policy issued by Defendant STATE FARM GENERAL INSURANCE COMPANY. Although Plaintiff failed to state a determinate amount in controversy, Defendant has been able to ascertain that the amount in controversy exceeds $75,000 as set forth below.

13.     When removal is based on diversity of citizenship, and the complaint does not state an amount in controversy, the defendant's notice of removal may do so. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. Actual "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Ibid. See also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

14.     The amount in controversy for jurisdictional purposes is determined by the amount of damages. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-348 (1977). It is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability, and is not affected by Plaintiff's ultimate recovery. *Lewis v. Verizon Communications, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010), *St. Paul Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292-294 (1938). The amount in controversy is not limited to damages accrued before the time of removal and instead "encompasses all relief a court may grant on [the] complaint if the plaintiff is victorious." *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). The amount in controversy includes not only compensatory economic damages, but also compensatory non-economic damages such as damages for pain, suffering, and emotional distress.

15.    Although Plaintiff does not state a determinate amount in controversy, Plaintiff alleges under her Breach of Contract cause of action to have suffered property damage in excess of $74,000 and alleges that she is entitled to attorney fees by an agreement or a statute in an amount according to proof. With regards to Plaintiff's Fraud cause of action, Plaintiff claims to have sustained damages in excess of $74,000 as well.[1] Under California law, contract damages and tort damages are distinct from one another. " 'Contract damages are generally limited to those within the contemplation of the parties when the contract was entered into or at least reasonably foreseeable by them at that time; consequential damages beyond the expectation of the parties are not recoverable. [Citations.] This limitation on available damages serves to encourage contractual relations and commercial activity by enabling parties to estimate in advance the financial risks of their enterprise.' [Citation.] 'In contrast, tort damages are awarded to [fully] compensate the victim for [all] injury suffered. [Citation.]' [Citation.]" *Erlich v. Menezes* (1999) 21 Cal.4th 543, 550; see also Cal. Civ. Code §§ 3300, 3301, and 3333.

16.    A single defendant is within their right to aggregate all claims by a single plaintiff to meet the jurisdictional minimum amount for diversity jurisdiction. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (citing to *Snyder v. Harris*, 394 U.S. 332, 334 (1969); see also *Wolde-Meskel v. Vocational Instruction Project Community Servs., Inc.*, 166 F.3d 59, 62 (2d Cir. 1999) ("Since the diversity statute confers jurisdiction over 'civil actions' rather than specific claims alleged in a complaint, a plaintiff is permitted to aggregate claims in order to satisfy the amount in controversy requirement."). As Plaintiff seeks contract damages in excess of $74,000 and tort damages in excess of $74,000, the jurisdictional amount is met.

///

---

[1] Plaintiff did not state an amount for damages as to her General Negligence Cause of Action.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

17.    In the event the Court does not permit the aggregation of Plaintiff's damages as to the Breach of Contract and Fraud claims, Plaintiff's prayer for attorney's fees and punitive damages satisfies the jurisdictional minimum when calculated in conjunction with Plaintiff's alleged damages of an amount in excess of $74,000. California Courts have allowed for the recovery of attorney's fees from an insurer in actions where policy benefits have tortiously been withheld. See *Brandt v. Superior Court*, 37 Cal.3d 813, 816-819 (1985). When faced with the question of whether attorney's fees, reasonably incurred to compel payment of policy benefits tortiously withheld by an insurer, are recoverable, the California Supreme Court answered in the affirmative. *Id.* at 815; see also *Foltz v. Integon Nat'l Ins. Co.*, 2014 U.S.Dist.LEXIS 141488, at *7 (E.D.Cal. Oct. 2, 2014, No. 1:14-cv-00907-KJM-MJS). In the instant action, Plaintiff's fraud cause of action is premised on her allegation that Defendant fraudulently denied Plaintiff's claim which resulted in Plaintiff paying out of pocket to repair her property. Although pled as a Fraud claim, Plaintiff's cause of action is substantively a bad faith claim in which *Brandt* fees typically apply. Additionally, under Plaintiff's breach of contract claim, Plaintiff alleges that she is entitled to attorney fees by an agreement or statute according to proof. Given that Plaintiff has likely incurred well over $1,000 in attorney fees, the jurisdictional minimum is likely satisfied.

18.    Lastly, Plaintiff seeks punitive damages against State Farm in an undisclosed amount, which are recoverable under Plaintiff's Fraud cause of action. "In general, claims for punitive damages are considered in determining the amount in controversy, as long as punitive damages are available under the applicable law." *Molnar v. 1-800-Flowers.com, Inc.*, 2009 U.S.Dist.LEXIS 131768, at *17 (C.D.Cal. Feb. 23, 2009, No. CV 08-0542 CAS (JCx)); see also *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). Applying a "conservate" estimate at a ratio of 1:1 between compensatory and punitive damages, *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007), Plaintiff's alleged damages are over $148,000 given

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Plaintiff's concession that her property damages alone exceed $74,000. Thus, the amount in controversy, exclusive of interests and costs, exceeds the jurisdictional minimum of $75,000 and federal jurisdiction is proper.

## **TIMELINESS OF REMOVAL**

19.     This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant of Plaintiff's Complaint served on July 25, 2022, from which it could first be ascertained that the amount in controversy exceeds $75,000.00 and that the matter is removable. 28 U.S.C. §1446(b)(3).

20.     Further, the instant removal is brought within one year of the commencement of the underlying action as required by 28 U.S.C. section 1446(c)(1). As noted, Plaintiffs filed their Complaint on June 30, 2022.

21.     For the reasons set forth above, this Court has original jurisdiction over this matter, and the instant removal is both proper and timely.

Dated:  August 23, 2022                          THARPE & HOWELL, LLP

By: _____
CHRISTOPHER S. MAILE
HEATHER M. McKEON
Attorneys for Defendant,
STATE FARM GENERAL
INSURANCE COMPANY

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

1.    At the time of service, I was at least 18 years of age and **not a party to this legal action.**

4

5

2.    My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

6

3.    I served copies of the following documents (specify the exact title of each document served):

7

8

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 & §1441(B) (DIVERSITY)**

9

4.    I served the documents listed above in item 3 on the following persons at the addresses listed:

10

11

| Arman Saakyan, Esq.<br>Arman Saakyan & Associates<br>301 E. Glenoaks Blvd., Suite 6<br>Glendale, CA 91207<br>Tel:  (818) 246-1000<br>Fax:  (818) 483-2340<br>Email: arman@foothilllawcenter.com | Attorney for Plaintiff,<br>LUSINE SARGSYAN |
| --- | --- |

12

13

14

15

16

5.    a.    **X**    **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

17

18

19

20

6.    I served the documents by the means described in item 5 on *(date): See below*

21

[ x ]    (FEDERAL):   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

22

23

24

8-23-22 _____    Martha Gallegos _____    *[signature]*

DATE    (TYPE OR PRINT NAME)    (SIGNATURE OF DECLARANT)

25

I:\33000-000\33037\Pleadings\FEDERAL\Ntc of Removal.docx

26

27

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221